GEORGE KEYSER

v.

JOHN ANGLE et al.

GEORGE KEYSER

v.

STEUBEN ANGLE et al.

1. A sister purchased lands of her brother John when the complainant was a previous creditor, which she knew. She paid $50 in cash, and gave her brother her note for the balance of the consideration, $650, which note he held for four years, although very needy.—*Held*, that if she had notice of the fraud before she paid the note, she was not a *bona fide* purchaser, even if she had no notice thereof when she took her deed.

2. After her purchase complainant sold the land under his judgment, and it was also sold under partition proceedings, and the sister purchased it.—*Held*, that the complainant would be allowed to stand in the place of his creditors, the brother John and another brother, Steuben, both of whose interests in the premises he had purchased at the sale under his own judgment, and that the purchase-money received by the commissioners should be paid to him.

*Mr. J. M. Robeson*, for complainant.

*Messrs. J. G. Shipman & Son*, for defendants.

BIRD, V. C.

The more difficult question is whether the transfer of the title from John Angle to Eliza, his sister, was fraudulent as against the complainant or not. The complainant was a creditor of John. If this conveyance can be upheld, it must be upon the ground of *bona fides* and valuable consideration. I think the former cannot be maintained. John became entitled to a share of this tract of land by the death of his father. In a very short time

31

after his father's death he offered to sell his interest in his inheritance to his sister Eliza. Eliza says that John was very needy; "I knew my brother was very destitute at the time I bought him out—destitute of a living." She says she had heard the business affairs of her brother and Mr. Keyser talked over before, but not at the time when she bought him out. She also says :

"I remember that his wife told me, while I was there buying him out, that she had given up everything, and she expected Keyser would come and take their house."

This surely is enough in the eye of the law to put her on her guard. With this knowledge, it cannot be said that she was a bona fide purchaser. If I am right in this, under all the cases, the title of Eliza must be subordinated to the judgment of the complainant.

Again, Eliza says she knew her brother was very much in need of money, but she says she gave him only $40 or $50 in cash, giving her note for the balance ($650), and not paying that until about four years afterwards. I cannot but think that holding this note so long (the brother being in so much need) is strong proof that the sister knew all the time that she was risking the loss of the whole if Mr. Keyser should press his demands.

Besides, there are authorities holding that giving a note is no sufficient consideration in such cases. According to these the money must be paid in order to satisfy the statute. If Eliza had not the notice of the fraud, which the law contemplates, before she accepted the conveyance, she certainly had very soon after and long before she paid the $650. *Bigelow on Fraud* *309 ; Bump on Fraudulent Convey. 477.*

I conclude that the fraud is very clearly established in both cases.

The complainant sold this very land under his judgments. It was also sold under proceedings in partition, and Eliza purchased it. The complainant asks to stand in the place of his debtors, John and Steuben, whose interests he purchased under

his judgments. I think he is so entitled, and that the purchase-money must be paid to him. The commissioners had notice.

But counsel for defendants urged that no title passed to the complainant under the sheriff's deed, because it was not properly proved and acknowledged. I think this objection should not prevail. The statute has been complied with. If no title passed, as a consequence, the judgments of the complainant are still liens on the land, and can be enforced even under this proceeding; all parties being in court, and Eliza being the purchaser and chargeable with knowledge.

I will advise a decree in accordance with these views, giving costs to the complainant.